*885 OPINION.
AettNdell :
Whether we consider the assessment as made under the Revenue Act of 1921 or 1924, it is clear that it was made in time. Both Acts, 250 (d) of the 1921 Act and 277 (a) (1) of the .1924 Act, give the Commissioner four years in which to assess taxes under the 1921 Act. In this case, the return having been filed on March 15, 1922, the assessment made on February 3, 1926, was within the statutory period.
*886 Petitioner contends that the imminence of the dropping of the bar of the statute of limitations did not relieve the Commissioner of the duty of advising him of a proposed assessment, nor did it give jurisdiction to make the assessment without notice. Section 274 (d) of the 1924 Act specifically gives the Commissioner authority to make jeopardy assessments, and we have held in California Associated Raisin Co., 1 B. T. A. 1251, that, an assessment having been made under section 274 (d), we will not inquire into the basis for the Commissioner’s belief that jeopardy exists.
Stress is laid on the fact that the rejection of the abatement claim was based on a fact other than that stated to the petitioner when the assessment was made. It appears from the letters attached to the pleadings and referred to therein, that the assessment was made as the result of a reduction of a claimed loss by a depreciation adjustment, and that the amount for which the claim was rejected was computed on a reduction of the loss by allowing the difference between the value of the property at the time acquired by gift in 1910 and the sales price, instead of the difference between March 1, 1913, value and sales price as claimed by petitioner.
The Commissioner has not made a new assessment or asserted a new deficiency; he has merely made a downward adjustment of the deficiency which he had determined and assessed prior to the expiration of four years after the filing of the return. The petitioner takes the position that the grounds on which the Commissioner determined the deficiency may not be departed from and that a deficiency once determined may not be supported on other or different grounds. With this we cannot agree. A deficiency, having been found and assessed, remains a deficiency until finally settled. Throughout the revenue acts, deficiencies are identifiable as amounts and not according to the items out of which they arise. This of course does not mean that the case when heard by the Board is not to be limited to the issues raised in the pleadings.
The remaining contentions of the petitioner are in substance that section 250 (d) of the Revenue Act of 1921 has never been repealed and as the return was filed while that Act was in effect the Commissioner is limited in both assessment and collection to the period prescribed therein. Section 278 (d) of the Revenue Act of 1924, under which the assessment in this case was made, gives the Commissioner six years after assessment in which to collect. It follows that the collection of the deficiency is not barred by the statute of limitations. See Art Metal Works v. Commissioner, 9 B. T. A. 491.
There being no other issue than that of the statute of limitations, judgment will be for respondent.

Judgment will be entered for the respondent.